IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DUKE'S INVESTMENTS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH A. CHAR, M.D., IN HER OFFICIAL CAPACITY AS THE DIRECTOR OF HEALTH OF THE HAWAII STATE DEPARTMENT OF HEALTH; AND HAWAII STATE DEPARTMENT OF HEALTH,<br><br>Defendants. | CIVIL NO. 22-00385 JAO-RT<br><br>ORDER DISMISSING ACTION |

### ORDER DISMISSING ACTION

Plaintiff Duke's Investments, LLC ("Plaintiff") commenced this action on August 22, 2023, bringing seven claims against both Defendant State of Hawaiʻi Department of Health ("DOH") and Defendant Elizabeth Char, M.D. in her official capacity as DOH's Director of Health ("Defendant Char"). ECF No. 1. Plaintiff alleges the following counts:

First Cause of Action: Violation H.R.S. § 91-7.

Second Cause of Action: Procedural Due Process, 42 U.S.C. § 1983.

Third Cause of Action: Substantive Due Process, 42 U.S.C. § 1983.

Fourth Cause of Action: Equal Protection, 42 U.S.C. § 1983.

Fifth Cause of Action: Federal Preemption.

Sixth Cause of Action: Fifth Amendment Takings.

Seventh Cause of Action: Motion for Temporary Restraining Order ("TRO Motion").

Defendants filed a Motion to Dismiss on October 18, 2022, *see* ECF No. 17, and on April 28, 2023, the Court issued its Order (1) Granting Defendants Elizabeth A. Char, M.D. And State Of Hawaiʻi Department Of Health's Motion To Dismiss Plaintiff's Verified Complaint For Declaratory And Injunctive Relief With Request For A Temporary Restraining Order, And (2) Denying Plaintiff's Motion For Preliminary Injunction ("Order"), *see* ECF No. 43.

The Order (1) dismissed all claims against DOH WITH PREJUDICE; (2) dismissed Plaintiff's First and Fifth Causes of Action (respectively, violation of HRS § 91-3 and preemption claims) WITH PREJUDICE; and (3) dismissed Plaintiff's Second, Third, Fourth, and Sixth Causes of Action (respectively, its procedural and substantive due process claims, equal protection claim, and takings claim) WITH LEAVE TO AMEND. The Court gave Plaintiff until May 22, 2023 to file an amended complaint in accordance with the Court's instructions in the Order. ECF No. 43 at 41–42.

More than a week has passed since the May 22, 2023 amendment deadline, and Plaintiff has not filed an amended complaint. Courts do not take failures to

prosecute and failures to comply with orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes courts to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

In view of Plaintiff's violation of the Court's April 28, 2023 Order, and Plaintiff's failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action. For the first two factors, the public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642, as does the Court's need to manage its docket, *see id.* The third factor also favors dismissal. "When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in

the absence of a showing of actual prejudice to the defendant from the failure. . . . The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (ellipses in original) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).  And fourth, there are no less drastic alternatives to dismissing this action at this time—this action cannot proceed without an operative pleading.

For the fifth factor, the Court concedes that the public policy favoring dispositions of cases on their substantive merits cuts against dismissal here.  But considering the totality of the circumstances and because all of the other factors favor dismissal, the fifth factor is greatly outweighed, and the Court must therefore dismiss this action.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaiʻi, June 2, 2023.



Jill A. Otake
United States District Judge

Civil No. 22-00385 JAO-RT; *Duke's Investments LLC v. DOH & Dr. Char;* Order Dismissing Action